

**SIGNED this 13 day of April, 2006.**

_____
R. Thomas Stinnett
**UNITED STATES BANKRUPTCY JUDGE**

_____


**UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF TENNESSEE
SOUTHERN DIVISION**

In re:                                                                                    No. 15654
                                                                                          Chapter 7
DONALD WAYNE JEFFERY,

      Debtor.


MBNA AMERICA BANK, N.A.,

      Plaintiff,

v.                                                                                        Adv. Pro. 05-1216

DONALD WAYNE JEFFERY,

      Defendant.


**MEMORANDUM OF LAW**


      This matter is before the court on the motion pursuant to Rule 12(b)(6) of the

Federal Rules of Civil Procedure, made applicable to adversary proceedings pursuant to

Rule 7012(b), by the defendant, Donald Wayne Jeffery (hereinafter "Debtor") to dismiss the complaint of the plaintiff, MBNA America Bank, N.A. (hereinafter "the Bank") for failure to state a claim for which relief may be granted.   The Debtor also relies upon the provisions of Fed. R. Bankr. P. 7009(b), made applicable by Rule 9 of the Federal Rules of Civil Procedure, for failure to satisfy that rule's particularity requirements.  The Bank has filed a reply to the Debtor's motion and includes therein a request to amend the complaint if the court determines it to be deficient.

In reviewing a motion to dismiss the complaint, "[t]he court must construe the complaint in the light most favorable to the plaintiff, accept all the factual allegations as true, and determine whether the plaintiff can prove a set of facts in support of its claims that would entitle it to relief."  *Bovee v. Coopers & Lybrand C.P.A.*, 272 F.3d 356, 360 (6th Cir. 2001).  Furthermore, to survive a Rule 12(b)(6) motion, the complaint ". . .must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." *Andrews v. Ohio,* 104 F.3d 803, 805 (6th Cir. 1997)(*quoting In re DeLorean Motor Co.*, 991 F. 2d 1236,1240 (6th Cir. 1993)); *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988).   Finally, the purpose of a motion to dismiss ". . . is to test the sufficiency of the complaint, not to decide the merits of the case." *Abroms v. Kern (In re Kern)*, 289 B.R. 633, 637 (Bankr. S.D. Ohio 2003).  In this proceeding, the Bank seeks a determination that the indebtedness owed by the Debtor to the Bank is non-dischargeable pursuant to 11 U.S.C. § 523(a)(2). The Bank's complaint includes statements that the Debtor had two charge accounts with the Bank; that, for the period of May 24, 2005, through July 13, 2005, prior to filing bankruptcy, the Debtor used the accounts to incur various cash advances and make convenience check and retail

charges totaling $13,390.95, excluding interest charges; and that the Debtor filed a chapter 7 bankruptcy petition on September 9, 2005.  The complaint also alleges that the Debtor represented an intention to repay the amounts charged by virtue of having obtained or accepted an extension of credit from the Bank and that the Bank reasonably relied upon these representations.  The Bank further alleges that the Debtor ". . .incurred the debts when he had no ability or objective intent to repay them."  Also, the Bank alleges false pretenses, false representation, and/or actual fraud by the debtor in incurring this indebtedness.  Finally, the Bank asserts that it suffered monetary damages as a result of the Debtor's actions and that the Debtor is not entitled to a discharge of the indebtedness owed.

Although the Bank cites 11 U.S.C. § 523(a)(2) generally as the basis for its non-dischargeability complaint, the Bank apparently relies upon subsections (A) and (C) which excepts from the debtor's discharge any debt

> . . . .
>
> (2) for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by—
>
> (A) false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition;
> . . . .
> or
>
> (C) for purposes of subparagraph (A) of this paragraph, consumer debts owed to a single creditor and aggregating more than $1,225 for "luxury goods or services" incurred by an individual debtor on or within 60 days before the order for relief under this title, or cash advances aggregating more than $1,225 that are extensions of consumer credit under an open end credit plan obtained by an individual debtor on or within 60 days before the

order for relief under this title, are presumed to be nondischargeable;[1]
11 U.S.C. § 523(a)(2)(A), (C) (2004).

The Bank's complaint alleges that the debtor incurred consumer debts or cash advances aggregating $13,390.95 between May 24 and July 13, 2005, which includes the 60-day time period immediately preceding the debtor's bankruptcy petition, thus raising the issue of a statutory presumption of non-dischargeability of at least a portion of the indebtedness described in the complaint. This is sufficient to withstand the motion to dismiss. The discovery process itself will substantiate or defeat the allegations.

With respect to that portion of the indebtedness incurred by the debtor more than 60 days immediately preceding his bankruptcy petition, the Bank appears to rely upon the provisions of subparagraph (A) for the purpose of declaring the debts non-dischargeable. Since the Bank has alleged fraud in its complaint, the motion to dismiss must be decided in light of the particularity requirements of Rule 9(b) of the Federal Rules of Civil Procedure. *See American Express Travel Related Services Co. v. Heinein, 257 B.R. 702 (E.D.N.Y. 2001).* Rule 9(b) states that "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity. . .Malice, intent, knowledge, and other condition of mind of a person may be averred generally." Fed. R. Civ. P. 9(b). Since "little direct, purposeful contact between the credit card issuer and the credit card holder [occurs] either at the inception or over the course of the relationship between the parties," pleading fraud with particularity creates some difficulties for the objecting creditor. *In re Akdogan*, 204 B.R. 90,94 (Bankr. E.D.N.Y. 1997). The provisions of 11 U.S.C. §

---

[1] The debtor commenced his bankruptcy case prior to the effective date for the 2005 amendment to the bankruptcy provisions of the United States Code, 11 U.S.C. § 101, *et seq*. Therefore, this case is governed by the language of the Bankruptcy Code prior to the 2005 amendment.

523(a)(2)(C), discussed previously, afford a presumption of non-dischargeability; however, the requirement of proof of the debtor's intent relies primarily upon circumstantial evidence. In addressing the issue of fraud in the use of a credit card, the Sixth Circuit has held that ". . .the proper inquiry to determine a debtor's fraudulent intent is whether the debtor subjectively intended to repay the debt." *Rembert v. AT&T Universal Card Services, Inc.,* 141 F.3d 277, 281 (6th Cir. 1998). Determination of the debtor's intent or lack thereof is ascertained by the totality of the circumstances. *Id.* at 282. *(citing AT & T Universal Card Services Corp. v. Feld (In re Feld),* 203 B.R. 360, 367 (Bankr. E.D. Pa. 1996). The *Rembert* court lists the non-exclusive factors to consider when determining the debtor's intent, including the length of time between the charges and the bankruptcy petition; whether or not the debtor consulted an attorney about bankruptcy prior to incurring the charges; the number of charges; the amount of charges; the financial condition of the debtor when the charges were incurred; whether the charges exceeded the credit limit; whether the debtor made multiple charges on the same day; the debtor's employment status; the debtor's prospects for employment; the debtor's financial sophistication; whether there was a sudden change in purchasing habits; and whether the purchases were made for luxuries or necessities. *Rembert*, 141 F.3d at 282 n.3. However, "[b]aldly asserting the legal elements of a claim for fraud without the necessary factual allegations is not enough to survive a motion to dismiss." *American Exp. Travel Related Services Co., Inc. v. Henein*, 257 B.R. 702, 707 (E.D.N.Y. 2001). In reviewing the Bank's complaint, the allegations are conclusory in nature. The complaint infers an intent on the part of the debtor to repay the debt; an assertion of the Bank's reasonable reliance on the debtor's representations; the debtor's inability or objective intent to repay; and the phrase from the statute that the debtor

engaged in false pretenses, false representations, and/or actual fraud.  However, the complaint contains no facts in support of these legal conclusions.

In its response to the debtor's motion to dismiss, the Bank requests an opportunity to amend its complaint to "specify in further detail the facts underlying the allegations." Furthermore, in its request for relief, the debtor demands in the alternative that the Bank be required to amend its complaint to state with particularity the basis for each allegation of fraud.  Therefore, the Court will enter an order denying the debtor's motion to dismiss without prejudice and granting the Bank twenty (20) days within which to amend its complaint.

# # #