

**SIGNED this 04 day of October, 2006.**

　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　**R. Thomas Stinnett**
　　　　　　　　　　　　　　　　　　**UNITED STATES BANKRUPTCY JUDGE**

_____

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF TENNESSEE
SOUTHERN DIVISION

| | |
|---|---|
| In re: | No. 05-15654 |
| | Chapter 7 |
| DONALD WAYNE JEFFERY | |
|     Debtor. | |
| MBNA AMERICA BANK, N.A., | |
|     Plaintiff, | |
| v. | Adv. Pro. No. 05-1216 |
| DONALD WAYNE JEFFERY, | |
|     Defendant. | |

Appearances:　　Elizabeth H. Parrott, Nashville, Tennessee, Attorney for the Plaintiff, MBNA America Bank, N.A.

　　　　　　　　　　W. Lloyd Stanley, Jr., Chattanooga, Tennessee, Attorney for the Defendant, Donald Wayne Jeffery

R. Thomas Stinnett, United States Bankruptcy Judge

## MEMORANDUM

The complaint asks the court to hold that the defendant, the debtor in bankruptcy, owes the plaintiff a debt that cannot be discharged in the debtor's bankruptcy case. The complaint alleges that the plaintiff issued one or two credit cards to the debtor, the debtor ran up a large debt on the credit card account in a short period before filing bankruptcy, the debtor never intended to pay the credit card debt, and thus, the debtor obtained property or credit from the plaintiff by fraud. The debtor filed a motion to dismiss the complaint for failure to state a claim upon which relief can be granted. Fed. R. Bankr. P. 7012; Fed. R. Civ. P. 12(b)(6). The court denied the motion to dismiss but required the plaintiff to file a more definite statement of the facts relied upon as evidence of fraud. Fed. R. Bankr. P. 7009; Fed. R. Civ. P. 9. The plaintiff has filed an amended complaint, and the debtor has filed a motion to dismiss on the same ground. This memorandum deals with the motion to dismiss the amended complaint.

The complaint relies primarily on the exception from discharge set out in bankruptcy code § 523(a)(2)(A). It applies to a debt for obtaining property or credit by fraud. 11 U.S.C. § 523(a)(2)(A). To prove fraud, the plaintiff must prove that when the debtor incurred the debts – when he charged purchases, obtained cash advances, or used convenience checks on the credit card account – he did not intend to pay the resulting debt. The plaintiff in this kind of dispute is not likely to obtain the debtor's admission of fraud. The plaintiff must rely on surrounding facts to show that when the debtor used the credit card, he did not intend to pay the debt. The plaintiff will usually attempt to show that when the debtor incurred the debt, his financial condition and prospects made it almost certain that he could not pay the debt, and therefore, he must not have intended to pay the debt. The plaintiff may also attempt to prove a pattern of unusual, profligate spending shortly before bankruptcy when the debtor was unlikely to be able to pay the debt. In that case, the creditor is attempting to show that the debtor decided to disregard the obligation to pay and live well at the creditor's expense. *Rembert v. AT & T Universal Card Services, Inc. (In re Rembert)*, 141 F3d 277 (6th Cir. 1998). The motion to dismiss asserts that the facts alleged in the amended complaint and the reasonable inferences from the alleged facts cannot possibly prove this kind of fraud.

For the purposes of ruling on the motion, the court construes the complaint most favorably to the plaintiff. The court accepts the alleged facts as true, including the reasonable inferences from the alleged facts. The question, then, is whether the complaint alleges all the elements necessary for the plaintiff to be entitled to recover under a viable legal theory. *Bovee v. Coopers & Lybrand C.P.A.*, 272 F.3d 356, 360 (6th Cir. 2001); *Andrews v. Ohio*, 104 F.3d 803, 805 (6th Cir. 1997).

The key allegations of the amended complaint can be summarized as follows:

> The debtor had a credit card account with the plaintiff, MBNA America Bank.

> The debtor filed his bankruptcy case on September 9, 2005. The debtor then owed $15,045.77 on the credit card account.

> In the period from May 24, 2005 to July 13, 2005, the debtor made charges to the account that totaled $13,390.95. This total is made up of $10,186.28 in retail charges and $3,204.67 in cash advances or convenience checks.

> The retail charges include $3,240.22 to lumber companies and the debtor's employer. There were also retail charges to Circuit City for $517.81 and to Radio Shack for $609.55. Some of the retail charges were for entertainment, and dining out. The entertainment included Dollywood amusement park, movies, and baseball games. These charges for dining out and entertainment totaled $1,206.77.

> The schedules filed by the debtor in his bankruptcy case show unsecured debts totaling $50,365.37, and that most of this – $44,813.83 – was credit card debt.
>
> The schedules show monthly income of $1,143.03 and expenses of $2,185.91 after discharging all the credit card debt.
>
> The schedules and statement of financial affairs show much less income in 2005 than in 2003 and 2004.
>
> Defendant's schedules and statement of financial affairs show monthly child support payments of $749.00, but they do not list the creditor. They also show that the debtor has two dependents and food expenses of $600 per month.
>
> The debtor proposed to surrender land in which he has equity but to reaffirm the debts secured by a mobile home and two cars.

The debtor argues that the allegation about his income and expenses is a misinterpretation of the information in the debtor's schedules and statement of financial affairs. The amended complaint alleges that the debtor's monthly expenses exceeded his monthly income by about $1,000. According to the debtor, the schedules and statement of financial affairs actually show that his monthly income would have exceeded his monthly expenses by about $500 after discharge of the credit card debts. In other words, the debtor had income of about $500 per month that was available to pay unsecured debts, including the credit card debts.

Other allegations in the complaint, however, undercut this argument. The complaint does not expressly allege the amount of payments, if any, that the debtor made on the credit card account from the beginning of the charges in question up to the date of bankruptcy (May 24, 2005 to September 9, 2005). The complaint in effect alleges that the debtor did not make any payments that were applied to the principal of the charges. This is implied by the amounts stated in the complaint and the dates. The charges in question totaled $13,390.95, they were made between May 24, 2005 and July 13, 2005, and the debtor owed a total of $15,045.77 on the date of bankruptcy, September 9, 2005. Even if the credit card account carried a high interest rate, the debtor could not have paid a significant amount on the charges in question and still owed about $15,000 at the time of bankruptcy. The amount of the charges in a short period of time before bankruptcy and the debtor's failure to make any significant payments before bankruptcy imply that when the debtor made the charges, he did not have the ability to pay the debt. The debtor's bankruptcy filing adds to the implication; it suggests that when the debtor made the charges, he did not have a reasonable prospect of being able to pay them in the future. Thus, the allegations of the complaint imply that the debtor was not able to pay the charges when he made them and was not likely to be able to pay them in the future.

For the purpose of argument, the court can assume the monthly budget allegations of the complaint are wrong, as argued by the debtor, and he had funds for making payments on the credit card debt. The complaint still implies that the debtor did not have the ability to pay the charges at the time he made them or in the future. The debtor's argument merely raises a question of fact that need not be decided for the purpose of ruling on the motion to dismiss because the motion only tests the sufficiency of the complaint. *Abroms v. Kern (In re Kern)*, 289 B.R. 633, 637 (Bankr. S. D. Ohio 2003).

The debtor also points out that the schedules and statement of financial affairs dealt with the debtor's financial condition at the time he filed his bankruptcy case. In light of the preceding discussion, the court need not deal with this argument. Furthermore, the debtor's financial condition on the date of bankruptcy is allowable evidence of the debtor's financial condition shortly before bankruptcy. The debtor can submit evidence at trial or in support of a motion for summary judgment to show that the

schedules and statement of financial affairs do not accurately reflect the debtor's ability to pay the credit card debt. At this point, however, the court is required to focus on the allegations of the complaint; they do imply that when the debtor made the charges, he did not have the ability to pay and was not likely to have the ability to pay in the future.

The debtor argues that other allegations of the complaint are based on a misunderstanding of the schedules and statement of financial affairs: (1) he did not list a support creditor because the debtor only owed future payments and did not owe a debt for pre-bankruptcy support payments; (2) the smaller amount of income for 2005 is based on income for the part of year before the bankruptcy. The debtor also contends that reaffirmation of secured debts does not reveal anything about the debtor's intent to pay the credit card debt at the time he made the charges. The court will not deal with these arguments because the debtor makes a general argument that goes to the heart of the problem. The debtor contends that the complaint only alleges ordinary financial misjudgments and miscalculations by the debtor, not fraudulent intent.

The courts have listed facts that are relevant to determining the debtor's intent to pay or not at the time he used the credit card. *Rembert v. AT & T Universal Card Services, Inc. (In re Rembert)*, 141 F3d 277 (6th Cir. 1998). The court is of the opinion that the list does not form the ultimate test for deciding whether a complaint fails to state a claim under § 523(a)(2)(A). It is not a list of facts that must be alleged to adequately allege fraud. The question comes down to whether the allegations of the complaint are sufficient to raise the suspicion that the debtor used the credit cards when he did not intend to pay the debt. The court thinks the complaint passes that test.  The complaint alleges expressly or by implication that: (1) the debtor ran up a large amount of credit card debt shortly before bankruptcy; (2) many of the charges were not for basic household needs; (3) the debtor made no significant payments on the account before bankruptcy; (4) the debtor did not have the ability to pay the debt when he made the charges; and (5) when the debtor made the charges, he was not likely to be able to pay the debt in the future.  These express or implied allegations are sufficient to state a claim under § 523(a)(2)(A).

The court will enter an order denying the motion to dismiss.